CHARLES ERRICKSON, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Criminal Law: COSTS. J. C. E. made complaint before a justice of the peace "that she has just cause to fear, and does fear, that one J. D. will commit the crime of assault and battery on her, the affiant, and also on her husband, C. E., and will also burn and destroy their property. That the reason C. E. does not make this complaint as to himself in person is because he is confined to his bed by bruises, injuries, and wounds inflicted upon him by the said J. D." A warrant was issued, and the said J. D. arrested, but upon the trial the justice found that there was no just cause for the complaint, and rendered judgment in the name of the state against C. E. for the costs in the case. *Held*, That such judgment could not be sustained.

ERROR to the district court of Dodge county.

A complaint was filed before a justice of the peace by Johanna C. Errickson against John Delaney, alleg-

ing that she had just cause to fear, and did fear, that the said Delaney would commit an injury to the person or property of herself and husband, Charles Errickson; also that her husband was then confined to his bed by reason of wounds received at the hands of said Delaney. A warrant was issued by the justice, Delaney arrested, examined, and discharged, and judgment rendered in the name of the State of Nebraska against Charles Errickson for the costs of the case. This judgment being affirmed in the district court, Charles Errickson brought the cause here for review on a petition in error.

*George L. Loomis* and *N. H. Bell*, for plaintiff in error.

*C. J. Dilworth, Attorney General*, for the state.

COBB, J.

That part of the complaint of Johanna Caroline Errickson before the justice of the peace, wherein she seeks to charge John Delaney with an intent to commit an assault and battery upon her husband, Charles Errickson, as well as that wherein she gives certain reasons why the said Charles Errickson did not make the said complaint himself in person as to himself, is surplusage, and constituted no foundation or part of a foundation for the arrest and examination of the said John Delaney. The power to issue warrants and make arrests for the purpose of preventing the commission of crimes is derived by justices of the peace, and some other judicial officers, from Statute, chap. XXVI of the criminal code. Gen. Stat., 786. The first section of said chapter provides in what cases such warrant shall issue and such arrest be made. Such power is clearly confined to cases where the per-

son complaining shall state in writing under oath "that he has just cause to fear, and does fear, that another will commit an offense against the person or property of himself, his ward, or child." Even if in considering a question involving the jurisdiction of justices of the peace we were allowed to resort to rules of construction, and were not confined to the letter of the statute, then upon the most familiar rules we must see that the expression "himself, his ward, or his child" excludes the husband of the complainant.

The words of the complaint above referred to, being therefore surplusage, and utterly void, could form no foundation for a judgment for costs against the said Charles Errickson.

Section 270 of the criminal code provides as follows: "But if the magistrate, on the examination, shall be satisfied that there is no just cause for the complaint, it shall be his duty to discharge the accused, and render judgment in the name of the state against the party complaining for the costs of the prosecution." Gen. Stat., 787.

It was therefore the duty of the justice of the peace, having discharged the accused for the reason that there was no just cause for the complaint, to render judgment in the name of the state for the costs of the prosecution against the party complaining, Johanna Caroline Errickson. And he had not, neither could he in that case at that time acquire jurisdiction to render judgment against any other person.

But it seems that the justice of the peace in this case, having found a person supposed to be responsible against whom to render judgment for costs, did not stop at the costs of the *prosecution* for which he was authorized to render judgment against the party complaining, but rendered his judgment against the plaintiff in error "for the costs in this case," including evi-

dently the costs of the defense as well as of the "prosecution." And as it appears by the transcript that the defense had thirteen witnesses sworn while the prosecution had but ten, it is probable that at least half of the $100.14 costs for which the judgment was rendered consisted of costs of the defense for which the justice was authorized to render judgment against nobody.

The district court therefore erred in its judgment affirming the said judgment of the justice of the peace, and the said judgment of the district court as well as the said judgment of the justice of the peace are reversed.

JUDGMENT ACCORDINGLY.